UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

FOREST RIVER, INC.,

        Plaintiff,

v.                                                    Case No. 13-C-694

LONG VANS, INC.,

        Defendant.

## DECISION AND ORDER GRANTING
## [11] PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT

Plaintiff Forest River, Inc., is an Indiana corporation that manufactures and sells recreational vehicles, boats, trailers, and commercial vehicles. Defendant Long Vans, Inc., is a Wisconsin corporation that manufactures mobile office trailers, portable storage containers, and storage trailers. The parties had an ongoing business relationship for several years whereby Forest River manufactured various items for Long Vans and subsequently sent Long Vans invoices to collect payment. (Compl. ¶¶ 1-2, 6, ECF No. 1.) Forest River brought this diversity action on June 18, 2013, against Long Vans alleging breach of contract, account stated, and unjust enrichment. (*Id.* ¶¶ 5-34.) Forest River initially sought compensatory damages and other costs and fees for Long Vans' alleged failure to pay an outstanding balance of $139,995.00. (*Id.* at 6.)

Long Vans answered Forest River's complaint admitting that it ordered the mobile office units at issue but denying that it owed the exact amount stated of $139,995.00. (Answer, ¶¶ 1-8, ECF No. 5; Compl., ¶¶ 8-9, 12, 15.) Long Vans admits that it received Forest River's invoices without objection or dispute and may owe some quantity of money but "puts the Plaintiff to their

proof" for the amount due. (Answer, ¶¶ 1-2, 5-8; Compl., ¶ 26.) Long Vans did not set forth any affirmative defenses to payment and also admits that it has not proffered a justification for its refusal to pay or provided notice to Forest River of any defects or problems with the units. (Answer, ¶ 1; Compl., ¶ 16.)

### I. The Plaintiff's Motion

On October 3, 2013, Forest River filed a motion for judgment on the pleadings and summary judgment. (ECF No. 11.) Long Vans did not respond to this motion, and Forest River filed a reply brief on November 6, 2013, asking the court to grant its motion pursuant to Civil L.R. 7(d) and Fed. R. Civ. P. 56(e)(3). (ECF No. 15.) Rule 12(c) of the Federal Rules of Civil Procedure permits a party to seek judgment on the pleadings after the pleadings have closed. *Buchanan–Moore v. Cnty. of Milwaukee*, 570 F.3d 824, 827 (7th Cir. 2009). A motion under Rule 12(c) is reviewed under the same standard employed when reviewing a motion to dismiss under Rule 12(b)(6) for failure to state a claim. *Id.* (citing *Pisciotta v. Old Nat'l Bancorp*, 499 F.3d 629, 633 (7th Cir. 2007). "When the plaintiff is the moving party, the motion should not be granted unless it appears beyond doubt that the non-moving party cannot prove facts sufficient to support her position." *McCaffrey v. Midwest Internet Consulting Grp.*, Inc., No. 3:12-CV-653-DGW, 2013 WL 4872710, at *1 (S.D. Ill. Sept. 12, 2013) (citing *Housing Auth. Risk Retention Group, Inc. v. Chicago Housing Auth.,* 378 F.3d 596, 599 (7th Cir.2004). In addition, on a motion under Rule 12(c), "[i]f . . . matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for Summary Judgment under Rule 56. All parties must be given a reasonable opportunity to present all the material that is pertinent to the motion." Fed. R. Civ. P. 12(d).

2

Forest River filed two affidavits with the present motion that were not included with the pleadings. The court elects to consider these affidavits and treat Forest River's motion as one for summary judgment. The facts in this matter are straightforward and Forest River's motion clearly sought relief under Rule 56. Therefore, Long Vans had a reasonable opportunity to raise any disputed issues of fact in opposition to Forest River's motion. It declined to do so, and the court will now decide the motion. *See* Civil L.R. 7(d) ("Failure to file a memorandum in opposition to a motion is sufficient cause for Court to grant the motion."). For the reasons set forth below, Forest River's motion for summary judgment will be granted.

## II. Undisputed Material Facts

In November and December of 2011, Forest River sent Long Vans invoices totaling $144,995.00 for five mobile office units already shipped to Long Vans (Darrel Ritchie Decl., ¶ 3, ECF No. 13.) After crediting Long Vans for three payments received on September 8, 2011, December 13, 2011, and March 25, 2013, Long Vans still owed Forest River $92,603.00 for these five units. (*Id.* ¶ 4.) In July and August of 2011, Long Vans had placed orders for the manufacture of five additional mobile office units. (*Id.* ¶ 5.) Forest River sent invoices to Long Vans totaling $47,392.00 for these five items but did not ship these items because Long Vans still owed $92,603.00 on its account. (*Id.* ¶¶ 5-7.) Forest River does not dispute the amount owed on the additional units. (Answer, ¶ 1, Compl. ¶ 12.) These units were subsequently sold by Forest River to a third-party pursuant to an asset purchase agreement at a combined price of $37,441.00, which was $9,951.00 less than the total amount stated on the invoices sent to Long Vans. (*Id.* ¶ 8-9.)

3

Long Vans has not tendered payment in full, and it never disputed the amount claimed to be due and owing to Forest River prior to this litigation. (*Id.* ¶¶ 10-11.)

### III. Standard of Review

Summary judgment is proper if the submitted evidence demonstrates that there are no genuine issues of material fact and that the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). "Material" means that the factual dispute must be outcome-determinative under law. *Contreras v. City of Chicago*, 119 F.3d 1286, 1291 (7th Cir. 1997). A "genuine" issue must have specific and sufficient evidence that, were a jury to believe it, would support a verdict in the non-moving party's favor. Fed. R. Civ. P. 56(e); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986). The moving party has the burden of showing there are no facts to support the non-moving party's claim. *Celotex*, 477 U.S. at 322. In determining whether summary judgment is proper, a court must construe the evidence in the light most favorable to the non-moving party. *Ramos v. City of Chicago*, 716 F.3d 1013, 1014 (7th Cir. 2013). There is no genuine issue of material fact, and therefore no reason to go to trial, when no reasonable jury could find in the non-moving party's favor. *Smith v. Lafayette Bank & Trust Co.*, 674 F.3d 655, 657 (7th Cir. 2012).

### IV. Discussion

Forest River has sufficiently demonstrated that there are no genuine issues of material fact regarding any of its claims. Long Vans admits in its answer that it had contractual duties and obligations pursuant to the proposals, verbal agreements, and invoices submitted by Forest River, including timely payment of all invoices within 30 days. (Answer, ¶ 1; Compl. ¶ 18.) Long Vans
4

admits that it ordered the items at issue, and it has not provided notice of any defects or problems with the units or proffered any defenses to payment. (Answer, ¶ 1; Compl., ¶¶ 8-9, 12.) Further, Long Vans admits that it has not paid Forest River in full. (Answer, ¶ 4.) These admissions are sufficient to establish that Long Vans is liable to Forest River under theories of breach of contract and unjust enrichment.

The only genuine dispute between the parties concerns the amount owed on the five mobile units initially purchased and received by Long Vans. Forest River contends that the sum total of the invoices sent to Long Vans constitutes an "account stated" because Long Vans received the invoices and did not protest the amount within a reasonable period of time. *See Onalaska Elec. Heating, Inc. v. Schaller*, 94 Wis. 2d 493, 502-03, 288 N.W.2d 829, 833 (1980) ("In an action on an account stated the retention of a statement of an account by a party without making an objection thereto within a reasonable time is evidence of acquiescence in or assent to the correctness of the account."); *Stan's Lumber, Inc. v. Fleming*, 196 Wis. 2d 554, 566, 538 N.W.2d 849, 854 (Wis. Ct. App. 1995) ("[A]n account stated may arise where a debtor makes partial payment on an account or accompanies partial payment with an agreement to pay the balance."). The court finds this argument persuasive. The parties had an ongoing relationship whereby Forest River manufactured items for Long Vans and then sent invoices informing Long Vans of the amount owed. Long Vans made one payment before the invoices were sent, one payment after three of the five invoices had been sent, and another partial payment of $5,000.00 on March 25, 2013, over one year after all it received all invoices. (Compl., Ex. C.) Forest River also sent Long Vans a summary of its balance due on April 3, 2013, and Long Vans did not contest the amounts stated on this summary sheet until it filed its answer on July 19, 2013. (*Id.*) By failing to dispute the amount owed and making partial

payments, Long Vans manifested its assent to the pay the amounts stated in the invoices, and Long Vans is liable to Forest River as a matter of law in the sum of $139,995.00. Long Vans denied the amount owed and elected to "put Plaintiffs to their proof" in its answer. Forest River has now put forward its proof, and Long Vans has not responded, leaving Forest River's evidence undisputed. On this record, summary judgment must be granted on Forest River's breach of contract claim, Count I of the Complaint. The alternative claims of Account Stated (Count II), which appears to be simply another name for breach of contract, and Unjust Enrichment (Count III) are dismissed.

## V. Conclusion

Forest River's motion for judgment on the pleadings and summary judgment (ECF No. 11) is construed as a motion for summary judgment, and the motion is granted as to its claim for breach of contract. The account stated between the parties totaled $139,995.00, subject to Forest River's offset of $37,441.00. Long Vans is therefore liable to Forest River in the amount of $102,554.00, plus applicable interest pursuant to Wis. Stat. § 138.04 and costs. It appears that Forest River's interest calculations contain a mathematical error. (*See* McKinley Decl., Ex. A, ECF No. 14). The "Latest payment due date for combined invoices" on Exhibit A invoices is listed as 1/19/11, though it appears Forest River intended the date to be 1/19/12. The Clerk is directed to enter judgment for Forest River in the amount of $102,554.00, and Forest River is invited to submit a revised interest calculation within the next fifteen days.

**SO ORDERED** this  13th  day of November, 2013.

    s/ William C. Griesbach
    William C. Griesbach, Chief Judge
    United States District Court